# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00211-COA

**TONY J. FISHER A/K/A TONY FISHER**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

DATE OF JUDGMENT:                02/15/2023
TRIAL JUDGE:                          HON. M. BRADLEY MILLS
COURT FROM WHICH APPEALED:  MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      TONY J. FISHER (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                     BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                        AFFIRMED - 10/31/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Tony Fisher appeals from the Madison County Circuit Court's order dismissing his motion for post-conviction collateral relief (PCR) as time-barred under the Uniform Post-Conviction Collateral Relief Act (UPCCRA).

¶2.     Upon review, we find that Fisher's PCR motion was untimely. We also find that his PCR claims failed to meet any statutory exceptions to the UPCCRA's time-bar. We accordingly affirm the trial court's dismissal of Fisher's PCR motion.

## FACTS

¶3.     In 2019, Fisher pleaded guilty to two counts of the sale of less than two grams of cocaine. The trial court sentenced Fisher as a non-violent habitual offender to serve two

concurrent eight-year sentences in the custody of the Mississippi Department of Corrections. The trial court entered Fisher's judgment of conviction on February 20, 2019.

¶4. On August 9, 2022, Fisher filed a petition for writ of habeas corpus in the trial court. The trial court treated Fisher's filing as a PCR motion and entered an order denying relief and dismissing Fisher's motion as untimely.

¶5. Fisher now appeals.

## STANDARD OF REVIEW

¶6. When reviewing a circuit court's dismissal or denial of a PCR motion, we decline to reverse unless the circuit "court's decision is clearly erroneous." *Hunt v. State*, 312 So. 3d 1233, 1234 (¶6) (Miss. Ct. App. 2021). We review questions of law de novo. *Id.*

## DISCUSSION

¶7. The UPCCRA provides that a PCR motion following a guilty plea must be filed "within three . . . years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2020). After Fisher pleaded guilty, the trial court entered Fisher's judgment of conviction and sentencing order on February 20, 2019. Fisher did not file his PCR motion until August 9, 2022, more than three years after the entry of his judgment of conviction and sentencing order. Fisher's PCR motion is therefore untimely and barred by the three-year limitations period set forth in section 99-39-5(2).

¶8. However, the UPCCRA delineates certain statutory exceptions to its three-year statute of limitations. *See* Miss. Code Ann. § 99-39-5(2)(a)(i)-(ii) & (b). These statutory exceptions

include (1) "an intervening decision . . . which would have actually adversely affected the outcome of his conviction or sentence," (2) "[practically conclusive] evidence, not reasonably discoverable at the time of trial[,] . . . [that] would have caused a different result in the conviction or sentence," (3) untested (or inadequately tested) biological evidence, and (4) an expired sentence or unlawful revocation of probation, parole, or conditional release. *Id.* Fisher, as the PCR movant, had the burden of proving his claims are not barred because of a statutory exception. *Cook v. State*, 301 So. 3d 766, 777 (¶32) (Miss. Ct. App. 2020).

¶9.    Upon reviewing Fisher's PCR motion, we find that he has not asserted any statutory exceptions to the UPCCRA's time-bar. Instead, Fisher raises arguments implying that his sentence is illegal. Specifically, Fisher argues that the State failed to prove his habitual-offender status. He also raises claims regarding a suspended sentence and probation from an earlier conviction. Fisher's claim of an illegal sentence would fall within the judicially crafted "fundamental-rights exception" to the UPCCRA's time-bar; however, the Mississippi Supreme Court recently overruled any precedent that has held that "the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [UPCCRA]." *Howell v. State*, 358 So. 3d 613, 616 (¶12) (Miss. 2023). Accordingly, based on the supreme court's holding in *Howell*, we conclude that Fisher's claim of a fundamental-rights exception fails to apply to or overcome the UPCCRA's statutory time-bar. *See Simoneaux v. State*, 359 So. 3d 665, 667-68 (¶¶7-8) (Miss. Ct. App. 2023).

**CONCLUSION**

3

¶10. Because Fisher's PCR motion is time-barred by the UPCCRA, we find no error in the trial court's dismissal of the motion.

¶11. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**